**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VINCENT PARKS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:09-cv-05683 |
| ) | |
| CITY OF CHICAGO, and CHICAGO ) | |
| POLICE OFFICER K. Mingari, ) | |
| Star # 4755, ) | |
| ) | |
| Defendants. ) | **JURY DEMAND** |

## COMPLAINT

NOW COMES the Plaintiff, VINCENT PARKS, by and through his attorneys, Jon F. Erickson, Brendan Shiller, Michael D. Oppenheimer, and Laura K. Bautista of the CIVIL RIGHTS CENTER, P.C., and Standish Willis, complaining of the defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICER K. MINGARI, Star # 4755, states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 19831985; the judicial code 28 U.S.C. §§ 1331 and 1343(a);

### PARTIES

3. Vincent Parks, Jr., resides in the City of Chicago, Cook County, Illinois and is a United States citizen.

4. Defendant Officer is a present or former employee and agent of the Chicago Police Department. At all times relevant, Defendant acted under color of law as a duly appointed Chicago Police Officer and within the scope of his employment.

5. Defendant City is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was or is the employer of the Defendant Fiorito.

## BACKGROUND

6. On June 12, 2009, Plaintiff Parks drove his van into the parking lot of the McDonalds located at 5015 West Madison, in Chicago Illinois. He pulled into a parking space where he stayed for a few seconds, and then reversed out of the space. As he reversed out the space and drove in reverse approximately 20 feet, two Chicago Police Department cars approached him.

7. One car, a blue and white, drove up on the side of Parks' van and then veered into the rear of Park's van, stopping the van in its tracks. The second car, and unmarked car being driven by Mingari, jammed into the front of Park's van.

8. Mingari immediately got out of his car, and quickly fired off three gun shots, one going through the front windshield of the van, and the other two going through the passenger's door.

9. When Parks saw that Mingari was shooting, he dived into the area between the two captain seats for the van. As he dove, he turned around, with his face being on the carpet and his left side facing Mingari.

10. One of the bullets entered through Park's left side and punctured his lung.

## COUNT 1

**(Liability under 42 U.S.C. § 1983)**
**Unlawful Seizure**

11. Plaintiff re-alleges and incorporates previous paragraphs

12. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

13. The Fourth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that the right of the people to be secure in their persons against unreasonable searches and seizures shall not be violated.

14. Defendant unlawfully seized Plaintiff by terminating his freedom of movement through means including, *inter alia*, jamming Plaintiffs van with their vehicles. These means were intentionally applied by Defendants while acting under color of state law.

15. Defendant Officers used objectively unreasonable force in seizing Plaintiff

16. Defendant's actions took place prior to a judicial determination of probable cause.

17. As a result of this unreasonable seizure, Plaintiff sustained bodily injuries, as well as mental and emotional pain and suffering, humiliation, and past and future psychological damage. As a result of Defendant Officers' unreasonable seizure, Plaintiff also lost wages and incurred medical expenses, costs and attorneys' fees.

18. WHEREFORE, Plaintiff requests actual and compensatory and punitive damages in an amount deemed at time of trial to be just, and fair, as well as attorney's fees and costs.

## COUNT 2
**(Liability under 42 U.S.C. § 1983)**
**Excessive Force**

19. Plaintiff re-alleges and incorporates previous paragraphs.

3

20. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

21. The actions of the Defendant, constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

22. As a proximate result of the above-detailed actions, Plaintiff was injured, including severe and permanent pain, mental suffering, anguish and humiliation, panic and anxiety attacks and fear.

23. The Defendant inflicted physical violence upon Plaintiff that was excessive, unnecessary, unreasonable, and grossly disproportionate to the need for action under the circumstances.

24. The actions of Defendant were willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for, Plaintiff's rights

WHEREFORE, Plaintiffs request actual and compensatory and punitive damages in an amount deemed at time of trial to be just, and fair, as well as attorney's fees and costs.

## COUNT 3
### State Claim Battery

25. Plaintiff re-alleges and incorporates previous paragraphs.

26. Without the consent of Plaintiff, Defendant intentionally, harmfully, and offensively touched Plaintiff with his bullet.

27. The defendant's conduct that resulted in this batteries were undertaken with malice, willfulness and reckless indifference to Plaintiff 's rights.

28.     WHEREFORE, Plaintiffs demand judgment for actual, compensatory, and punitive damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 4
### State Claim Assault

29. Plaintiff re-alleges and incorporates previous paragraphs.

30. Plaintiff was placed in a reasonable apprehension of a battery by Defendant

31. The conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

32.     WHEREFORE, because Defendants created an apprehension of immediate physical harm, Plaintiffs requests actual, compensatory and punitive damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 5
### State Claim Intentional Infliction of Emotional Distress

33. Plaintiff re-alleges and incorporates previous paragraphs.

34. The acts and conduct of Defendant as set forth above were extreme and outrageous.

35. Defendant intended to cause, or was in reckless disregard of the probability that his conduct would cause, severe emotional distress to Plaintiffs.

36. Defendant Officer's conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

37. Said actions and conduct did directly and proximately cause Plaintiffs to suffer various severe emotional and physical problems.

    WHEREFORE, Plaintiffs respectfully request that judgment be entered in his favor, awarding actual, compensatory and punitive damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

# COUNT 6

## 745 ILCS 10/9-102

28. Plaintiff realleges and incorporates all previous paragraphs.

29. Defendant Chicago is the employer of Defendant Mingari.

30. Defendant committed the acts alleged above under color of law and in the scope of employment as an employee of the City of Chicago.

WHEREFORE, should Defendant Mingari be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City be found liable for any compensatory judgment Plalintiff obtains against said defendant, as well as attorneys' fees and costs awarded.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully Submitted,

s/ Brendan Shiller
Brendan Shiller

Civil Rights Center
4554 N. Broadway, Suite 325
Chicago, IL 60640
773-907-0940
ARDC: 6279789