# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VINCENT PARKS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: 09 C 5683 |
| v. ) | |
| ) | Honorable John Z. Lee |
| THE CITY OF CHICAGO, and CHICAGO ) | |
| POLICE OFFICER K. Mingari, ) | |
| Star # 4755, ) | |
| ) | |
| Defendants. ) | |
| ) | **JURY DEMANDED** |

## PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FRCP 50

NOW COMES the Plaintiff, Vincent Parks, by and through his attorneys, Brendan Shiller and April D. Preyar of The Shiller Preyar Law Offices, moves this Court to enter an order for judgment in Plaintiff's favor, pursuant to FRCP Rule 50, and in support, states as follows:

### Background

Plaintiff hereby contends that he is entitled to judgment as a matter of law against the individual Defendants on his state law claim of battery because (1) he has proven the requisite elements and, (2) the Defendants have waived justification as an affirmative defense by failing to plead the same. The following facts are undisputed:

On June 12, 2009, Defendant Kyle Mingari shot three bullets in the direction of the Plaintiff's vehicle. The Plaintiff was ultimately struck in the chest by one such bullet. Plaintiff's gunshot wound required immediate medical attention.

On September 13, 2009, the Plaintiff filed his Complaint alleging the state law claim of battery as well as a Federal claim for excessive force. (Dkt. 1). Defendants filed an answer to the same on July 23, 2010. (Dkt. 35). In its Answer, Defendant asserts a total of fourteen (14) different defenses under the title of "Defenses, 12(b)(6) Defenses and Affirmative Defenses." Nowhere in the Defendant's answer does the Defendant plead or even mention justification as an affirmative defense or otherwise. The Defendant now seeks to raise such defense at trial.

## Standard of Review

Pursuant to Federal Rule of Civil Procedure 50, Judgment as a matter of law is proper when a party has been fully heard on an issue, and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135, 120 S. Ct. 2097, 2102, 147 L. Ed. 2d 105 (2000); Fed. R. Civ. P. 50. The standard for judgment as a matter of law under Fed. R. Civ. P. 50, mirrors the standard for summary judgment under Fed R. Civ. P. 56. *Id.* As such, the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. *Id.*

## Argument

I. **Based on the Undisputed Material Facts, Plaintiff is Entitled to Judgment as a Matter of Law on Plaintiff's Claim of Battery.**

   *A. Governing Law For Battery*

Civil battery in Illinois is defined as having two elements: (1) intention to cause harmful or offensive contact with the person of another; and (2) resulting in harmful contact. *Cohen v. Smith,* 269 Ill. App. 3d 1087, 1090 (5th Dist. 1995). Based on these elements, the Illinois appellate courts have stated that "the willful touching of the person of another or a successful attempt to commit violence on the person of another" constitutes battery. *Boyd v. City of*

*Chicago,* 378 Ill. App. 3d 57, 69 (1st Dist. 2007). The courts have also gone on to clarify the offensive touch language in the statute to mean that the battered person lacks consent to be touched by the batterer. *Id.*

    *B. Analysis:*

Here, Plaintiff is entitled to judgment as a matter of law because the undisputed facts demonstrate that (1) the Defendant intended to cause harmful or offensive contact when he shot three bullets at the vehicle occupied by Plaintiff, and (2) the Defendant's actions did in fact result in harmful contact as Plaintiff was shot in the chest by one of Defendant's bullets.

The Defendant's general argument is that he believed that he was going to be struck by Plaintiff's vehicle and to prevent such occurrence, he proceeded to fire three shots in Plaintiff's direction. Thus, the Defendant's own argument establishes his clear intent to cause harm upon Plaintiff.

Furthermore, the Defendant did in fact cause harm upon the Plaintiff when the bullet from his gun struck the Plaintiff in his chest. Plaintiff's injuries not only required immediate medical attention and surgery, but also caused Plaintiff intense pain and discomfort.

Because the undisputed facts satisfy each element for a claim of battery, pursuant to rule 50 Plaintiff is entitled to judgment as a matter of law for its state law battery claim.

    II.    **Defendant has Waived his Right to Assert a Justification Defense to Plaintiff's Battery Claim Because He Failed to Assert Such Defense in His Pleading.**

    *A. Governing Law for Affirmative Defense Pleading*

The Defendant's failure to plead justified battery as an affirmative has effectively precluded him from doing so under Illinois law. In Illinois, the doctrine of justification and excuse is an affirmative defense both in civil and criminal cases. *Roy v. Coyne,* 630 N.E.2d 1024,

1032 (Ill.App.Ct.1994); *United States v. Jumah*, 493 F.3d 868, 875 (7th Cir. 2007). The Seventh Circuit has held that a failure to plead an affirmative defense is a waiver of that defense. *Walker v. Sheahan*, 526 F.3d 973, 979 (7th Cir. 2008). The district court has discretion to allow amendments to the extent that the Defendant justifies the delay. *Walker*, 526 F.3d at 979.

To justify the delay, the Defendant must demonstrate that failure to meet the deadline is due to excusable neglect. See Fed. R. Civ. P. Rule 6(a). The inquiry to the same is two pronged: First, the moving party must show that their failure to meet a deadline was because of a simple, faultless omission to act, or because of carelessness. Second, the moving party must establish that his failure to act was excusable. *Id.*

Whether the act was excusable is an equitable determination considering the totality of the circumstances surrounding the party's failure to act. *Zingerman v. Freeman Decorating Co.*, 99 Fed.Appx 70, 72 (7th Cir.2004) (citing and quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).

In assessing the equitability, the court will weigh factors including (1) the danger of prejudice to the non-moving party; (2) length of the delay and its impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; (4) and whether the movant acted in good faith. *Id.*

The court generally gives significant weight on the length of the delay. *See e.g. Jovanovic v. In-Sink-Erator Division of Emerson Electric* Co., 201 F.3d 894 (7th Cir.2000). The courts have also noted that, "although attorney carelessness can constitute 'excusable neglect'[], attorney inattentiveness to litigation is not excusable." *Easley v. Kirmsee,* 382 F.3d 693, 698 (7th Cir.2004) *See also In re Plunkett*, 82 F.3d 738, 742 (7th Cir.1996).

### C. Analysis

Here, the Defendant failed to assert the defense of justified battery as an affirmative defense in his answer and never sought leave to add additional affirmative defenses to his case. To date, the Defendant has made *no* excuse or showing to justify its lack of diligence in failing to properly plead this defense; a defense which Defendant is now attempting to introduce at trial. Applying *Walker*, the Defendant's continued neglect and "inattentiveness" to this issue has undisputedly resulted in an implicit waiver.

Even if the Court were to entertain the notion that such failure was result of simple neglect, the length of the delay has negated any possibility that the omission is excusable. The parties are currently four days into the trial of a case that has been litigated for approximately three years. The Defendant has had ample time and opportunity to the cure defect and has simply chosen not to do so. As a result, Illinois law bars the Defendant from asserting a justification defense to Plaintiff's battery claim.

## CONLCUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court to enter judgment as a matter of law in favor of Plaintiff and against Defendant with respect to the Plaintiff's claim for battery.

    Respectfully submitted,

    s/ Brendan Shiller
    Brendan Shiller

    s/ April D. Preyar
    April D. Preyar

    Shiller Preyar Law Offices
    1100 W. Cermak, Suite B401
    Chicago, IL 60608
    (312) 226-4590

**CERTIFICATE OF SERVICE**

The undersigned Brendan Shiller hereby certifies that a copy of the foregoing was served upon all opposing counsel via the EM/ECF email system.

Respectfully submitted,

_____s/ Brendan Shiller

Brendan Shiller
Shiller Preyar Law Offices
1100 W. Cermak, Suite B401
Chicago, IL 60608
(312) 226-4590